only.   Owen v. Connor (City Ct. N. Y.) 11 N. Y. Supp. 352; Stedeker v. Bernard, 102 N. Y. 327, 6 N. E. 791.   It follows that the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.

VAN WYCK, J., concurs.

EHRLICH, C. J. (dissenting).   I think that all there is to this action has been disposed of by the trial judge in conformity with the decisions of the general term on the former appeals.   These decisions must be taken as establishing the law of the case so far as this court is concerned.   28 N. Y. Supp. 521.   I find no error, and judgment should be affirmed, with costs.

---

CONWAY v. NEW YORK CENT. & H. R. R. CO.

(City Court of New York, General Term.   March 19, 1895.)

MASTER AND SERVANT—SAFE PLACE FOR SERVANT TO WORK.

  Where it appears that defendant maintained a board walk from one float to another, on which were certain freight cars in process of loading; that one of the floats was not properly fastened; and that plaintiff, while at work for defendant in loading the cars, was injured by the giving way of the board walk at one end,—it is a question for the jury whether defendant furnished a safe place for his servants to work.

Appeal from trial term.

Action by Michael F. Conway against the New York Central & Hudson River Railroad Company for personal injuries.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGER, JJ.

Ashbel Green and H. E. Kinney, for appellant.
W. E. Morris, for respondent.

EHRLICH, C. J.   The action is by the plaintiff, a freight handler in the employ of the defendant, to recover damages for personal injuries sustained by him while engaged in transferring a cask of freight, weighing from 1,200 to 1,500 pounds, from the pier to certain freight cars which were in process of loading on certain floats controlled and used by the defendant.   It appears that the defendant constructed and maintained a plank or board walk upon which to wheel said freight from one float to another; that the float was not properly fastened; and that plaintiff, while assisting in transferring the cask in question, was injured by the giving way of the plank at one end, whereby the truck and cask were precipitated to one side, and against the plaintiff's left leg, causing him severe injuries.   There was no substantial dispute about the main facts in the case, and the real question narrowed itself down to one of law, as to whether the defendant was liable for the acts complained of.   This on the record was a very close question, and must be made

to depend in this case upon whether the master discharged his duty to the plaintiff by furnishing him a safe place in which to work. Rettig v. Transportation Co., 6 Misc. Rep. 328, 26 N. Y. Supp. 896. The questions of negligence and of the absence of contributory negligence were clearly submitted to the jury, whose verdict was moderate in amount, and we do not feel disposed to disturb their finding. The judgment and order appealed from must be affirmed, with costs. All concur.